### SPEER vs. WILKINS et al.

"The condition of the above and foregoing obligation is such that, whereas the said Zadock Ford has this day taken possession of the money, notes, accounts, books, goods, and everything belonging to the late firm of Ford & Speer, and agrees to pay all the firm debts. Now should the said Zadock Ford pay all the demands, debts or claims against said firm, or cause it to be done, and save the said Hugh L. Speer harmless, then this bond to be null and void, otherwise to remain in full force and virtue." *Held*, 1st, That this was a sale by Speer to Ford, and not an assignment in trust. And, 2d. That being a sale, Speer was a speciality creditor only, and entitled to damages to the extent of the firm debts which he had paid.

In Equity, in Heard Superior Court. Tried before Judge Hammond, at the March Term, 1860.

Hugh L. Speer, as the administrator of the estate of Zadock, filed a bill in equity in the Superior Court of Heard county, against the heirs and creditors of said deceased, for the purpose of marshaling the assets of said estate, and seeking direction as to the payment of the debts against the same.

The complainant, amongst other things, alleged: That he and deceased were once partners in trade, doing business under the firm name and style of Ford & Speer, and that on the dissolution of said firm, the complainant turned over the entire assets of the same to the said deceased, under the following agreement, executed and delivered by deceased to complainant, to wit:

"Georgia, Heard County.—Know all men by these pres-

ents, that I, Zadock Ford, am held and firmly bound unto Hugh L. Speer, in the just and full sum of twelve thousand six hundred dollars, for the true payment of which I bind myself, my heirs, my executors and administrators, jointly and severally, firmly by these presents. Sealed with my seal and dated this the 22d of November, 1850.

"The condition of the above and foregoing obligation is such, that, whereas the said Zadock Ford has this day taken possession of the money, notes, accounts, books and goods, and everything belonging to the late firm of Ford & Speer, and agrees to pay all the firm debts. Now, should the said Zadock Ford, well and truly pay all the demands, debts or claims against said firm, or cause it to be done, and save the said Hugh L. Speer harmless, then this bond to be null and void, otherwise, to remain in full force and virtue."

"ZADOCK FORD." [L. S.]

"Test: Hiram McDonald.

The bill further alleges: that the bill is not sufficient to pay all the debts and liabilities against it; that the complainant holds individual notes given by deceased, amounting to $431.75, and that he, the complainant, had to pay the debts against the said firm of Ford & Speer, amounting to $1,500, and that he will have to pay other debts against said firm, amounting to at least the sum of $3,000.

The complainant, amongst other things, prays: "that he may be decreed as holding the money, notes, accounts, books and goods, of the value of six thousand three hundred dollars, so taken possession of by said Ford, in his lifetime, as trustee, as the own right and property of the complainant, and not in anywise subject to the payment of the debts and liabilities of the said deceased, and that the complainant may be directed and decreed to apply the partnership effects of said Ford & Speer, to the partnership liabilities, before the same, or any portion thereof, shall be applied to the payment of the individual liabilities of said deceased."

On the trial of the case, in the Court below, the presiding Judge decided that the bond or obligation aforesaid, evidenced an absolute sale by Speer, to Ford, of the money, notes, accounts, books and goods of the firm, and not a trust for the benefit of said Speer; and this decision is the error complained of in this case.

C W. MABRY and B. H. BIGHAM, for the plaintiff in error.

FEATHERSTON & OLIVER, for the defendant in error.

*By the Court.*—LUMPKIN, J., delivering the opinion.

Hugh L. Speer and Zadock Ford were once partners in merchandize. Speer turned over to Ford, in the lifetime of Ford, everything belonging to the firm—money, books, notes, accounts, goods, etc.—in consideration of which Ford agreed and obligated himself, by writing under seal, to pay the debts of the concern, and to save Speer harmless. At the death of Ford a portion of these assets were still on hand and passed into the possession of his legal representative. Speer has paid a portion of the partnership debts, and the estate of Ford being insolvent, Speer insists that the firm debts, thus paid by him, have priority over the separate or individual debts of Ford, to the extent of the partnership assets which were on hand at the death of Ford. And this presents the only question in this case.

It is admitted, and such is the law, that if the transfer from Speer to Ford constituted a sale, then Ford, as to the firm debt which he has paid, stands upon the same footing with the individual creditors of Ford. Was it a sale? It is in these words:

"Georgia, Heard county.—Know all men by these presents, that I, Zadock Ford, am held and firmly bound to Hugh L. Speer, in the just and full sum of twelve thousand six hundred dollars, for the true payment of which I bind myself, my heirs, executors and administrators, jointly and severally, firmly, by these presents. Sealed with my seal and dated this 22d November, 1850.

"The condition of the above and foregoing obligation is such, that whereas the said Zadock Ford has this day taken possession of the money, notes, accounts, books and goods, and everything belonging to the late firm of Ford & Speer, and agrees to pay all the firm debts. Now, should the said Zadock Ford, well and truly pay all the demands, debts or claims against said firm, or cause it to be done, and save the

said Hugh L. Speer harmless, then this bond to be null and void, otherwise to remain in full force and virtue."

                                    "ZADOCK FORD." [L. S.]

"Test: ·HIRAM McDONALD."

It will be perceived that Ford acknowledges that he had taken possession of all the partnership assets, and agrees to pay all the debts. Here, then, are the essential elements of a contract. Ford not only agrees to pay "all the demands, debts and claims against the firm, or cause it to be done," but also "to save Hugh L. Speer harmless." Suppose the debts had doubled the value of the assets, would not Ford have been bound to pay them? And, if less, would he not have been entitled to the overplus?

But the controlling feature in constructing this instrument is this : it is not stipulated that the debts are to be paid with the assets, but they are to be paid irrespective of them. Suppose Ford, in his lifetime, had been wasting these assets, could Speer have gone into equity and got relief by alleging that, under this agreement, this fund was to have been applied to the firm debts, and asking a receiver to be appointed to take possession of the assets and applying them to that purpose? The bill would have been dismissed upon demurrer, for want of equity. The contract is not assignment in trust. It gives no lien upon these assets.

If this be so, can this lien be set up after the death of Ford? If he has failed to pay the firm debts and save Speer harmless, as he undertook to do, his bond is broken, and Speer is entitled to his damages, the amount of which will be the firm debts he has paid. He is a specialty creditor to this extent, nothing more.

## JUDGMENT.

Whereupon, it is considered and adjudged by the Court, that the judgment of the Court below be affirmed.